## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OLUWAROTIMI ODUTOLA,

    *Plaintiff,*

v.

    Case No. 1:18-cv-94-RCL

BRANCH BANKING AND TRUST
COMPANY,

    *Defendant.*

## MEMORANDUM OPINION

Plaintiff Oluwarotimi Odutola moves for relief from the judgment and order dismissing the above-captioned action for failure to comply with this Court's orders and for failure to prosecute. Pl.'s Mot., ECF No. 49.[1]  Defendant Branch Banking and Trust Company ("BB&T") opposes, arguing that Odutola fails to satisfy the requirements of Federal Rule of Civil Procedure 60(b). Def.'s Opp'n, ECF No. 50.  Upon consideration of the parties' filings, ECF Nos. 48, 49, 50, 51, 52, 53, applicable law, and the record as a whole, the Court will **DENY** Odutola's motion by separate order.

## I.   BACKGROUND

This case began in December 2017, when Odutola, acting pro se, filed a complaint against his employers in D.C. Superior Court alleging discrimination and retaliation. ECF No. 1-1. BB&T removed this case to federal court, ECF No. 1, and on August 7, 2018, this Court granted BB&T's motion to dismiss, ECF Nos. 18 & 19.  After obtaining counsel, Odutola filed an amended

---

[1] On June 7, 2021, Odutola filed his first motion for reconsideration.  ECF No. 48.  But on June 10, 2021, Odutola filed an amended version of his motion—which the Court understands as the intended operative motion. *See, e.g.*, ECF No. 50-1 (email from Odutola to BB&T's counsel).  Because Odutola amended his motion, his first filing will be **DENIED AS MOOT.**

complaint, ECF No. 30, BB&T answered, ECF No. 31, and the Court set a schedule with discovery set to close in July 2019, ECF No. 35.

On May 24, 2019—before the discovery deadline—Odutola's counsel moved to withdraw. ECF No. 37. The Court granted counsel's motion. *See* 06/21/2019 Min. Entry. By November 2019, Odutola was represented by new counsel—James W. Rudasill, Jr. *See* ECF No. 42. In light of Odutola's new counsel and at the parties' request, the Court extended the discovery period through December 31, 2019. ECF No. 43. The Court then held a status conference on January 17, 2020, and scheduled an additional status conference for February 2020. 01/17/2020 Min. Entry.

But the second status conference never took place. After granting BB&T's motion to extend, *see* ECF Nos. 44 & 45, months passed. Nothing happened in this case until the Court ordered a virtual status conference on September 17, 2020. 09/03/2020 Min. Order. That minute order was served on counsel for all parties by ECF. The Courtroom Deputy Clerk emailed instructions for connecting to the hearing to the parties' counsel on September 3, 2020, and again on the morning of September 17, 2020. ECF No. 46 at 1.

Neither Odutola nor his counsel appeared at the status conference. *Id.* So the Court issued an order to show cause why the Court should not dismiss the case for failure to obey the Court's minute order scheduling the status conference. *Id.* The Court also ordered Odutola, in light of his taking no action in the case since January 17, 2020, to show cause why the case should not be dismissed for lack of prosecution. *Id.* Finally, the Court ordered Odutola's counsel to show cause why he should not be held in contempt for failure to obey the Court's minute order. *Id.* The Court ordered Odutola and his counsel to respond by September 30, 2020. *Id.* at 2. Counsel was served the order by ECF and a copy of the order was mailed to Odutola at his address of record on September 23, 2020.

Between September 17 and September 30, Odutola's counsel called the undersigned's chambers to inform the Court that he had been hospitalized but that he intended to file a response by September 30, 2020. ECF No. 47. Yet the September 30 deadline came and went—neither Odutola nor his attorney responded to the September 17 order. So on November 6, 2020, the Court issued an order finding that Odutola failed to obey both the September 3 minute order and September 17 show-cause order. *Id.* at 2. The Court also found that Odutola failed to prosecute his case, "specifically in failing to attend the September 17 status conference and generally throughout the process of litigating this case" by failing to "manifest reasonable diligence in pursuing [his] case." *Id.* (alteration in original) (quoting *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985)). The Court dismissed the case for failure to obey the September 3 order, for failure to obey the September 17 order, and for failure to prosecute. *Id.*[2]

Seven months later, in June 2021, Odutola filed a motion for relief from judgment. Pl.'s Mot. First, invoking Federal Rule of Civil Procedure 60(b)(1), he contends that the case should be reopened because the dismissal was the result of "mistake, inadvertence, surprise, or excusable neglect." *Id.* at 2. He cites a litany of purported justifications: the COVID-19 pandemic, his attorney's illness in "late October [and] early November" 2020, the loss of a family member from COVID-19 in October 2020, his own COVID-19 infection in November 2020, other illness he experienced through February 2021, the Capitol riot on January 6, 2021, and unsafe conditions in the downtown D.C. area. *See id.* at 2–4. Next, Odutola invokes Rule 60(b)(2) and argues that the case should be reopened for "newly discovered evidence," which includes alleged misrepresentations and fabricated exhibits provided by BB&T. *Id.* at 5–7. Finally, he argues that

---

[2] The Court did not hold Odutola's counsel in contempt.

the case should be reopened because of BB&T's alleged "fraud, misrepresentation, and misconduct" during the discovery process. *Id.* at 8–14.[3]

BB&T opposes Odutola's request. Def.'s Opp'n. BB&T argues, among other things, that Odutola (1) did not file within a reasonable time, (2) does not satisfy the standard for excusable neglect, (3) presents no new material evidence, (4) has no support for his allegations of fraud, and (5) cannot show prejudice even from the alleged fraud. *Id.* at 3–9.

Odutola filed a timely reply, followed by two additional supplemental responses three months later. *See* ECF Nos. 51, 52, 53. Odutola reiterates many of the same arguments presented in his motion. But he also raises several new arguments for the first time. For example, he argues that his counsel's paralysis prevented him from setting up the video for the hearing. ECF No. 53 at 4. He also argues that he displayed reasonable diligence pursuing his case but BB&T's counsel asked "to take time off" between February and September 2020 and did not inform plaintiff of his whereabouts—delaying their ongoing settlement negotiations in the intervening months. *Id.* at 5. Odutola also argues that he filed within a reasonable time because Rule 60 contemplates filing within one year. *Id.* at 6; ECF No. 51 at 7. And Odutola provides a declaration from the forensic examiner that Odutola argues confirms BB&T's fraud. *See, e.g.*, ECF No 51 at 9; ECF No. 52 at 2; ECF No. 53 at 17–18.

Odutola's motion is ripe for review.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides when a "court may relieve a party . . . from a final judgment [or] order." Fed. R. Civ. P. 60(b). A district judge is "vested with a large measure

---

[3] Odutola attaches several annotated exhibits that he argues are examples of misrepresentations or altered evidence. *See, e.g.*, ECF No. 49-1 at 3–18, 22–26.

of discretion in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). Odutola invokes the first three of Rule 60(b)'s provisions, which state that a Court may grant relief because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1)–(3).

A Rule 60(b) motion need only be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The party invoking Rule 60(b) bears "the burden of establishing that its prerequisites are satisfied." *Avila v. Dailey*, 404 F. Supp. 3d 15, 21 (D.D.C. 2019) (quoting *Owens v. Republic of Sudan*, 864 F.3d 751, 819 (D.C. Cir. 2017)).

### III.   ANALYSIS

Plaintiff invokes Rule 60(b)(1), (b)(2), and (b)(3) as bases for relief from this Court's order dismissing his case. The Court addresses each in turn. As explained below, Odutola has not proffered sufficient evidence warranting relief under Rule 60(b)(1), (b)(2), or (b)(3).

#### A.   Rule 60(b)(1)

Rule 60(b)(1) affords the Court discretion to grant relief to a party based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Odutola's filings pay lip service to each part of Rule 60(b)(1), but the substance of his arguments focuses on several *justifications*—COVID-19, his and his counsel's health issues, the death of a family member, etc. Thus, the Court finds that his arguments are properly construed as "excusable neglect" arguments.

Whether "excusable neglect" warrants relief under Rule 60(b)(1) is an equitable determination that turns on, among other things, the risk of prejudice to the nonmovant, the length

of delay, the reason for the delay, including whether it was within control of the movant, and whether the movant acted in good faith. *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 838 (D.C. Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395–97 (1993)).  Courts in this district have explained that counsel's negligence, or even gross negligence, does not constitute the "excusable neglect" warranting relief under this section of the rule. *See Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011).

BB&T argues that these factors weigh against Odutola. First, BB&T argues that it will be prejudiced if the case is reopened because the case has been closed for eight months, the events alleged in the complaint occurred nearly five years ago, and witnesses' memories have and will continue to fade. Def.'s Opp'n 5. Next, BB&T contends that the delay is significant here because Odutola had "ample time to respond" to the show cause order, "but failed to file anything with the Court for . . . nearly eight months after the Court dismissed the case." *Id.* And BB&T contends that Odutola "is precluded from a finding that he acted in good faith because he made no effort to seek an extension of the deadline to respond or otherwise communicate with the Court." *Id.* at 6.

BB&T's argument—and the language used in its opposition—closely mirror the analysis in *Oladokun v. Correctional Treatment Facility*, 309 F.R.D. 94 (D.D.C. 2015).  But there, upon reviewing the case law in this district, Judge Contreras concluded that these arguments were not "fully persua[sive]"—or at least, were alone insufficient to resolve the party's Rule 60(b)(1) motion. *Id.* at 99.  Indeed, Judge Contreras cited *Norris v. Salazar*, which highlights the D.C. Circuit's instruction that "courts should liberally allow relief under Rule 60(b), as a 'corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of counsel's neglect.'" *Norris*, 277 F.R.D. at 27 (quoting *Butler v. Pearson*, 636 F.2d 526, 530 (D.C. Cir. 1980)).  Additionally, the Court must also weigh the D.C. Circuit's preference for

resolution of cases on the merits, *see Spann v. Comm'rs of D.C.*, 443 F.2d 715, 716 n. 1 (D.C. Cir. 1970), and Odutola's counsel calling chambers to inform the undersigned of his hospitalization.

Nevertheless, like in *Oladokun*, the "most important single factor—fault," swings the balancing decisively in BB&T's favor. *Oladokun*, 309 F.R.D. at 99. The dismissal in this case was not the result of "harsh calendar rules" or a technicality. The Court issued an order to show cause that was served on Odutola and his counsel. *See* ECF No. 46. This order made clear that dismissal was a potential outcome. *See id.* Odutola and his counsel were offered a second chance. Neither took it. The Court's dismissal order identified three defects warranting dismissal of this case: (1) Odutola's failure to appear at the status conference, (2) Odutola's failure to respond to the show cause order, and (3) Odutola's failure to "manifest reasonable diligence in pursuing [his] case." ECF No. 47 at 1–2 (alteration in original) (quoting *Bomate*, 761 F.2d at 714). Odutola not only took eight months to respond to the dismissal order, but his motion and reply fail to specifically address any of these defects.[4]

While the Court empathizes with Odutola and the circumstances described in his filings, the Court is not persuaded that Odutola has met his burden to justify relief. For example, Odutola generally invokes the COVID-19 pandemic. Pl.'s Mot. 2–5; Pl.'s Reply 7. Odutola argues that his attorney "had to protect himself" from COVID-19 because he is an at-risk individual. Pl.'s Reply 7. But the September 17, 2020, status conference took place virtually. And filing a response to the Court's order did not require Odutola or his counsel's physical presence at the Courthouse. Odutola also references his counsel's illness, but he states that the illness became debilitating in

---

[4] Odutola's supplemental filings, ECF Nos. 52 & 53, filed three months after his reply brief, raise several new arguments addressing some of these points. These arguments are waived because they were not raised in the opening brief (or even in the reply, for that matter). *See In re Asemani*, 455 F.3d 296, 300 (D.C. Cir. 2006); *Carter v. George Washington Univ.*, 387 F.3d 872, 883 (D.C. Cir. 2004). In any event, Odutola's new arguments are unpersuasive for the reasons explained below.

"late October [or] early November"—after the show-cause deadline had passed.  Pl.'s Mot. 3.

Indeed, Odutola's counsel called chambers to inform the Court that he *would* be filing a response

to the show cause order before the September 30, 2020 deadline, but that response never came.[5]

Counsel's negligence is ordinarily not enough to constitute excusable neglect.  *See, e.g.*, *Link v.*

*Wabash R. Co.*, 370 U.S. 626, 633–34 (1962).

In any event, even if the Court were to find that *counsel's* missteps are excusable—which

Odutola has not established—Odutola is not "blameless" here.  *Butler*, 636 F.2d at 531 (quoting

*Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 123–24 (D.C. Cir. 1977)) (explaining that the Court

should avoid punishing "blameless litigants" for lawyers' actions).  Odutola was served by mail

a copy of the show cause order and the order dismissing his case.  Not only did Odutola ignore

both orders until June 2021, but his motion also does not explain how the COVID-19 pandemic

prevented him from exercising diligence in pursuing his case.  Indeed, discovery was closed, yet

the action does not reflect any activity from Odutola between February 2020 and the attempted

status conference in September 2020.[6]  The time between the dismissal in this case and the filing

---

[5] While Odutola's supplemental filings suggest for the first time that Mr. Rudasill's illness prevented him from attending the status conference or responding, *see, e.g.*, ECF No. 53 at 3–4, Odutola goes on to note that Mr. Rudasill "miraculously" was able to "send multiple emails, hand[-]typed letters and le[ave] several voice messages" for BB&T between February and September 2020, *id.* at 4.  Even if Odutola's arguments are not forfeited (they are), findings of excusable neglect for illness are typically limited to situations in which "the illness is so physically and mentally disabling that counsel is unable to file . . . and is not reasonably capable of communicating . . . his inability to file." *Fonville v. D.C. Metro. Police Dep't*, No. 02-cv-2353 (EGS), 2014 WL 12778283, at *2 (D.D.C. June 9, 2014) (quoting *Islamic Republic of Iran v. Boeing Co.*, 739 F.2d 464, 465 (9th Cir. 1984)).  But Odutola acknowledges that Mr. Rudasill was otherwise able to represent him—Mr. Rudasill sent emails, drafted letters, and made phone calls—despite his illness. Indeed, Mr. Rudasill represented in his phone call to the undersigned's chambers that he would file something in response to the Court's order.  Mr. Rudasill had an ethical obligation to withdraw from the representation if his "physical or mental condition materially impair[ed his] ability to represent" Odutola. D.C. Rules of Pro. Conduct r. 1.16(a)(2) (D.C. Bar).  Odutola's filings provide no facts from which the Court can conclude that his counsel was so incapacitated that he was unable to file and was not reasonably capable of communicating his inability to file.

[6] Odutola's supplemental filings argue for the first time that he was reasonably diligent because the parties were engaged in settlement negotiations during this time and it was in fact *BB&T*'s counsel that asked for

of the present motion only reinforces the Court's conclusion. If the Court accepts all of Odutola's explanations about his personal circumstances as true, Odutola still fails to explain why he did not respond to the show cause order between March 2021 and June 2021 after he recovered from his COVID-19 illness and returned from his short-term disability. Instead, Odutola let another four months pass by.

Indeed, for these same reasons, the Court also finds that Odutola did not file his motion within a reasonable time. Odutola relies heavily on the requirement that Rule 60(b) motion must be filed within one year. *See, e.g.*, ECF No. 51 at 6. But "reasonable time" may be less than one year, depending upon the circumstances of the case. *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 227 (D.D.C. 2011); *see, e.g.*, *United States v. Theodorovich*, 102 F.R.D. 587, 589 (D.D.C. 1984) (holding that the defendant's Rule 60(b)(1) motion, filed four months after the court's entry of judgment, was not filed within "reasonable time"). Odutola was served the show cause order and the dismissal order and did nothing for seven months. Even if the Court accepts all of Odutola's gap-filling justifications, he still cannot account for four months of delay in responding to the Court's order.

The Supreme Court has stated that "[t]he inquiry into whether a party's action constitutes excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395 (internal quotation marks and citation omitted). Upon consideration of all relevant circumstances here, the Court finds that Odutola has failed to establish "excusable neglect" warranting reopening under Rule 60(b)(1). Even if he had established "excusable neglect," Odutola failed to file within a reasonable time.

---

"time off." ECF No. 53 at 5. Even if these arguments were not waived, the docket reflects no purported activity.

**B. Rule 60(b)(2)**

Odutola next argues that the Court should reopen this case because of "newly discovered evidence." Pl.'s Mot. 5 (citing Fed. R. Civ. P. 60(b)(2)). Here, Odutola alleges that documents and exhibits presented by BB&T were intentionally fabricated or altered. *See, e.g., id.* at 6–7; Pl.'s Reply 8–10. He contends that a forensic examiner determined that the exhibits had been "deceptively edited" Pl.'s Mot. 7, or "altered, forged, fabricated[,] and manipulated," Pl.'s Reply 9.

To properly invoke Rule 60(b)(2), the movant must show, among other things, that the evidence is "of such a material and controlling nature as will probably change the outcome" and "was not and could not by the exercise of due diligence have been discovered in time to present it in the original proceeding." *Goldstein v. Treasury Inspector Gen. for Tax Admin.*, 278 F. Supp. 3d 131, 136–37 (D.D.C. 2017) (quoting *In re Korean Air Lines Disaster of September 1, 1983*, 156 F.R.D. 18, 22 (D.D.C. 1994)).

Odutola's "new" evidence satisfies neither requirement. First, "[n]ewly discovered evidence must be material to the factual issues raised by the motion for dismissal." *Anderson v. Hughes Helicopters, Inc.*, 865 F.2d 263 (9th Cir. 1988). But Odutola's case was not dismissed on the merits—it was dismissed for failure to obey orders and for failure to prosecute. None of the evidence Odutola cites has any relevance to that dismissal.

Second, by his own admission, Odutola "immediately" believed that defendant and its counsel had presented altered documents when they were presented to him during the discovery process. Pl.'s Br. 7. Odutola was present at the proceedings in question. *Id.* Thus, with the exercise of due diligence, evidence of the alleged fraud and misrepresentations was available well in advance of the dismissal order. But Odutola did not obtain the results of a forensic report until

more than a year after discovery closed. *See* Pl.'s Reply 9. Odutola did not seek to extend to discovery period to obtain the forensic report. Thus, the Court is not persuaded that the evidence was unavailable to Odutola despite his "reasonable diligence" in seeking out the evidence. Fed. R. Civ. P. 60(b)(2); *see e.g.*, *Bain v. MJJ Prods., Inc.*, 751 F.3d 642, 648 (D.C. Cir. 2014).

Odutola's request for relief under Rule 60(b)(2) is without merit.

## C. Rule 60(b)(3)

Plaintiff also seeks relief under Rule 60(b)(3) based on BB&T's "misrepresentations" and fraud. Fed. R. Civ. P. 60(b)(3). "In order to prevail on a motion under Rule 60(b)(3), plaintiff must show actual prejudice, that is, he must demonstrate that defendant's conduct prevented him from presenting his case fully and fairly," *Ramirez v. Dep't of Just.*, 680 F. Supp. 2d 208 (D.D.C. 2010) (citing *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004)), and that "the fraud is attributable to the party or, at least, to counsel[,]" *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993).

Here, there is no indication that BB&T's counsel's statements or alleged misrepresentations Odutola from presenting his case fully and fairly. In fact, Odutola's fraud allegations are inapposite to the dismissal. The record reflects that Odutola was given timely notice of the show cause order, and he failed to take any action until June 7, 2020 after the Court dismissed the above-captioned action. *See, e.g.*, *Oladokun*, 309 F.R.D. at 100; *Green v. Am. Fed'n of Lab. & Congress of Indus. Orgs.*, 811 F. Supp. 2d 250, 254 (D.D.C. 2011) (denying the plaintiff's motion for reconsideration because "the plaintiff d[id] not indicate how such fraud . . . prevented him from fully and fairly presenting his case before the court"). None of the alleged fraud during the discovery process has anything to do with why Odutola and his counsel did not attend the status conference or did not respond to the Court's show cause order. Nor has Odutola shown that

BB&T's counsel made any misrepresentations at the September 17 status conference that he failed to attend.

Odutola has failed to show that BB&T's alleged fraud or misrepresentation prevented him from litigating his case or resulted in this case's dismissal. His Rule 60(b)(3) arguments are unavailing.

Because Odutola has failed to make the requisite showings under Rule 60(b)(1), (b)(2), and (b)(3), his motion must be denied.

## IV.    CONCLUSION

Based on the foregoing, the Court will deny the motion by separate order.

Date: _12/14/21_

Royce C. Lamberth
United States District Judge